NAME: Walter Redmond
ADDRESS: P.O. Box 67, San Bruno, Ca. 94066
TELEPHONE:

11-17-07

FILED

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

Walter Redmond
    Plaintiff
        v.
San Francisco Police Dept.
City of San Francisco
County of San Francisco et al,
    Defendants

CASE#: C 07 4276 CW (PR)

MOTION TO REQUEST "PRE-TRIAL-DISCOVERY INTERROGATORIES"

[Walter Redmond] hereby declares:

I am the plaintiff herein. I hereby respectfully request the court order defendants to answer plaintiffs <u>first set of interrogatories</u>, under oath and the answers be signed by the person making them, and be served on plaintiffs within 30 days of services of these interrogatories.

If you cannot answer the following interrogatories in full, after excercising due diligence to secure the information to do so, so state the answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information arrives and materializes.

Walter R. Redmond    11-17-07

CASE # 4:07-4276 CW (PR)
FILED AUG. 20th 2007

In the United States District Court
For the Northern District of California

---

Walter Redmond

v.

San Francisco Police Dept. @ Tenderloin Station (Narco Squad @ Day Shift)
City and County of San Francisco et al.
Defendants

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

---

In accordance with rule 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendants answer the following interrogatories under oath, and the answers be signed by the person making them and be served on plaintiffs within 30 days of service of these interrogatories.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state the answer to the extent possible, specifying your inability to answer, to the extent possible, the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing so as to require supplemental answers as new and different information materializes.

#1. Did officers put Mr. Redmond in a full-nelson choke-hold seconds after leaping from the vehicle, assuming he had swallowed a large amount of drugs (heroin or cocaine-rocks/crack) that he was selling?

#2. Did they choke Mr. Redmond unconcious in front of several witness?

#3. Was Mr. Redmond choked unconcious by the 6"3 white male agent, while the other three agents held his arms?

#4. Do these officers have a "record" for excessive force, and brutality with Office of Citizens Complaints, Internal Affairs, A.C.L.U.?

#5 Did the officers put this information concerning them choking Mr. Redmond in their police report, or did the omit this excessive force?

#6 Did they in-fact not retrieve any of the heroin or cocaine/crack the assumed he swallowed, because he did not cough anything up because he had in-fact not swallowed anything?

#7 Mr. Redmond never coughed any drugs up, as they though he would, if they applied excessive force?

#8 Did they find Salt Lake City, UT. I.D. on Mr. Redmond?

1.3 #9. Did he (Mr. Redmond) tell them he had just returned here for a visit, four days earlier by greyhound for a visit only?

#10 Do officers know many individuals in jail talk about the abuse, and "excessive force" these agents use, knocking some girls teeth out a couple years back, and she was a minor - under age?

#11. What do these officers remember about the incident?

#12. Why did they not add this incident in the police report?

#13 Did they know Mr. Redmond went to S.F. General about his neck, and excruciating pain, being 50 years old, and strangled unconcious?

#14 When the swing-shift narco-agent (red head) picked Mr. Redmond up from general hospital, actualy when he arrived, did he not make sarcastic intimidating remarks, trying to persuade Mr. Redmond from saying/complaining about his neck pain?

#15 Does these four agents I encountered have any other civil rights violations litigations pending, state or federal, or complaints with the O.C.C.?

#16. Have these four agents in question, ever been disciplined?

#17. Why did you omit choking (full-nelson) Mr. Redmond from your police report, knowing there were several witnesses observing this incident 9-14-07.

#18 Would these officers drive-up to someone on Market St. @ Battery, or Market St @ Spear St, or anywhere in the Embarcadero, and jump out of the car, and choke someone out cold? "Totaly unconcious," as I was, then did not retrieve any drugs they assumed I swallowed?

#19 Before that day, had they ever seen me in that area, (mind you it was Sunday morning 7-15-07) hanging-out, loitering, as the "locals" whom they know, the "regulars", whom also know them?

#20 Did they not retrieve Salt Lake City, Utah I.D. from my pocket, where I've resided, and worked scince 2003, as a telemarketer, for "Dial America," "Skill Staff Construction," Teleperformance, Labor Ready, "SKYBOX" Restaurant, four years, inspite of what that foul probation recommendation paper said, all lies, "career" criminal, I've worked all my life, at 50, (Institutionalized Professionals), call these companies and learn about my Salt Lake City employment, if the "truth" is truly of any interest to this San Francisco System. Your district attorney didn't state almost all of my cases dating back to 1977 "WERE DISMISSED"!... I lived in Walnut Creek from 1999-2003, employed as a security officer at Sunvalley Mall. Check the records! Your officers here in San Francisco, and court personel are corrupt! (Institutionalized inner-city professionals — victims!)

Walter Redmond
P.O. Box 67
10-5-07

# San Francisco Police Department
## INCIDENT REPORT

**Report Type:** Initial
**070712990**

| Incident Number | Occurrence from Date/Time | Occurrence to Date/Time | Reported Date/Time | CAD Number |
|---|---|---|---|---|
| 070-712-990 | 07/15/07 10:57 | | 07/15/07 10:57 | 071961614 |

**Type of Incident:** Warrant Arrest, Local SF Warrant -63010

**Location of Occurrence:** 275 Turk St St
**At Intersection with/Premise type:** Sidewalk

- Confidential Report? ☐
- Arrest Made? ☑
- Suspect Known? ☑
- Suspect Unknown ☐
- Non-Suspect Incident? ☐
- Domestic Violence? ☐
- (Type of Weapon Used)
- Reporting Unit: 3J35

**Location Sent:** OnOview

**How Cleared?** 6

| | Elder Victim ☐ | Gang Related? ☐ | Juvenile Subject? ☐ | Prejudice Based? ☐ |

**DECLARATION:** I declare under penalty of perjury, this report of __5__ pages is true and correct, based on my personal knowledge, or is based on information and belief following an investigation of the events and parties involved.

PROP 115 CERTIFIED   5 YEAR/POST   Signature: _[signed]_

| Reporting Officer | Star | Station | Watch | Date |
|---|---|---|---|---|
| Michaud, Brian D | 1940 | Tenderloin Station | 0600-1600 | 07/15/07 15:00:26 |
| Reviewing Officer: Sergeant Kevin E. Phipps #446 | | Co. J | OG-6 | 07-15-07 |
| OIC: LT. MICHAEL FLYNN, #898 | | | | |

| Related Case | Related Case | Re-Assigned to | Assigned to | Assigned by |
|---|---|---|---|---|
| 030398727 | | Copies to 5G200 | 5G200 | Add'l Copies |

---

**Code R 1**
**Name (Last, First Middle):** SFPD 1940, 915, 1777, 149.
**Alias:**

| Day Phone | Type | Home Address | City | State | Zip Code |
| Night Phone | Type | Work Address | City | State | Zip Code |

| DOB | Age | DOB Unk ☐ | or age between: and | Race | Sex | Height | Weight | Hair Color | Eye Color | ID Type | Jurisd. | ID No. |

- Confidential Person ☐
- Violent Crime Notification ☐
- 293 PC Notification ☐
- Star
- Follow-up Form YES ☐
- Statement YES ☐
- Relationship to Subject

School (if Juvenile): | Injury/Treatment: | Other Information/If Interpreter Needed Specify Language:

---

**Code B 1**
**Name (Last, First Middle):** Redmon, Walter
**ALIAS:**

| Day Phone | Type | Home Address: No Local | City | State | Zip Code |
| Night Phone | Type | Work Address | City | State | Zip Code |

| DOB Unknown ☐ | Date of Birth 11/23/56 | Age 50 | or age between and | Race B | Sex M | Height 5'08 | Weight 165 | Hair Color BLK | Eye Color BRO |

**SFNO:** 326899
**J/D# (if Juvi.):**
**ID Type/Jurisdiction/Number:**

| Book Section #1 | Book Section #2 | Book Section #3 | Book Section #4 | Book Section #5 | Booking Location |
| M/W 11357(A)(1) | 1203.2A PC | | | | |

| Warrant # | Court # | Action # | Dept | Enroute to | CWB Check | Star |
|---|---|---|---|---|---|---|
| S681671 | 2098874 | 196941 | 22 | | vic | 64 |

**Warrant Violation(s):** 11352A HS
**Bail:** 0
**Mirandized ☐** Star | Date | Time | Statement ☐

**Citation #:** | **Violation(s):** | Appear Date/Time | Location of Appearance

**Book/Cite Approval:** Sgt Darcy | Star 115 | Mass Arrest Code | M X-Rays ☐ | School (if Juvenile) | ☐ CA Form Booked Copy Attached

**Other Information:** Citation/Warrant/Booking Charge(s); Missing Person-Subject Description; Scars, Marks, Tatoos

The Eighth Amendment forbids "cruel and unusual punishment" and is probably the most important amendment for prisoners. It has been interpreted to prohibit excessive force and guard brutality, as well as unsanitary, dangerous or overly restrictive conditions. It is also the <u>source</u> for your right to medical care in prison.

Courts have held that "excessive force" by guards in prisons constitutes cruel and unusual punishment. In a very important Supreme Court case called Hudson v. McMillian, 503 U.S. 1 (1992) the Supreme Court found a violation of the Eighth Amendment when prison officials punched and kicked a prisoner, leaving him with bruises, swelling of his face and loose teeth. The courts held that the guard's use of force violates the Eighth Amendment when it is -NOT- applied "in a good faith effort to maintain or restore discipline", but instead is used to "maliciously and sadistically cause harm."

In other words, "excessive force" is any physical contacts by a guard/officer that is meant to cause harm, rather than keep order. To decide what force is excessive, judges consider:

1. THE NEED FOR FORCE
2. WHETHER THE AMOUNT OF FORCE USED WAS REASONABLE GIVEN THE NEED

cont. (3.) HOW SERIOUS THE NEED FOR FORCE APPEARED TO THE GUARDS

(4.) WHETHER THE GUARD MADE EFFORTS TO USE AS LITTLE FORCE AS NECESSARY, AND

(5.) HOW BADLY YOU WERE HURT

Under the PLRA, you cannot recover compensatory money damages for mental or emotional injury, unless you have a physical injury also. You may be able to get "punitive damages", or "nominal damages." We explain this issue, and the difference between the three types of damages later.

The state of mind of the prison officials is important in excessive force cases. Courts have found a violation of the Eighth Amendment where prison officials were responsible for "the unnecessary and wanton infliction of pain." "Wanton" means malicious, or uncalled-for.

For example, one court found an Eighth Amendment violation when an office repeatedly hit a prisoner, even though the prisoner had immediately obeyed an order to lie face down on the floor, and was already being restrained by four other officers. Estate of Davis by Ostenfeld v. Delo, 115 F.3d 1388 (8th Cir. 1997).

"Every person who, <u>under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, or the District of Columbia</u>, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof <u>to the deprivation of any rights, priviledges, or immunities secured by the Constitution and laws</u>, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

**070712990**

San Francisco Police Department
**NARRATIVE**

While driving west on the two hundred block of Turk St Officers I. Michaud #915, Lew #1777, Minner #149 and I saw (B) Redmond standing in front of 275 Turk St. Redmond was talking with another male and when they saw us they quickly separated and walked away in different directions Redmond was holding US Currency in his right hand. Having made numerous arrests in this area for the sales and possession of narcotics we believed we had just interrupted a narcotics transaction. We detained Redmond to investigate and a computer check revealed the above outstanding warrant and that he is on active probation with a search condition (CRT# 2098874). Redmond was placed under arrest. During an arrest search I found in his front right pants pocket a bottle that contained sixteen pills of suspected clonazepam. Redmond was transported to Tenderloin Station where Vic #64 at CWB confirmed the warrant. Redmond was booked on the above charges. Officer I Michaud booked the suspected narcotics at Tenderloin Station.

THIS IS THE POLICE REPORT OF THE DAY IN QUESTION, AND AS YOU WILL NOTICE THE ENTIRE PART OF THE OCCURANCE, WHERE I WAS "CHOKED UNCONCIOUS" IN AN EFFORT TO RETRIEVE DRUGS THEY ASSUMED I SWALLOWED, BECAUSE OF THE AREA I WAS IN, WAS TOTALY OMITTED FROM THE POLICE REPORT! THE ENTIRE HOSPITAL FILE ABOUT MY NECK IS @ S.F. GENERAL, AND THERE WERE MANY WITNESSES THERE WHEN I AWOKE ON THE GROUND TO HEAR ALL FOUR AGENTS ARGUING BECAUSE I VOMITED ABSOLUTELY NO DRUGS UP, BECAUSE I SWALLOWED NONE.

P.S. There's a news clipping in this envelope I would like put into my file for later use at court. The clipping involves an officer.

Walter Redmond
10-12-07