NAME:
ADDRESS:
TELEPHONE:

1-25-08

CASE # C 07 4276 CW (PR)
REDMON V. SAN FRANCISCO P.D.

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF THE STATE OF CALIFORNIA @ SAN FRANCISCO

Walter Redmond
    Plaintiff
v.
San Francisco Police Dept.
Chief of Police Heather Fong / C.E.O.
San Francisco Corporation
City of San Francisco & County
San Francisco Sheriffs'
    Defendants         et al,

FILED
JAN 29 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND SF

MOTION TO REQUEST A SUBPEONA BE GIVEN FOR COURT ORDERED LIE DETECTOR TESTS FOR ALL OFFICERS WHOM WERE PRESENT 7-15-07 AT ARREST OF PLAINTIFF

\* Civil Action No. \_\_\_\_\_ \*

\* MOTION TO REQUEST DEFENDANTS TAKE LIE DETECTOR TEST \*

WHEREFORE, I Walter Redmond am the Plaintiff in this case. I do hereby respectfully request that lie-detector tests be given to all four police officers present at my arrest 7-15-08 at 10:40AM on Sunday morning. I request that a court-ordered subpeona be issued, and hand delivered by a U.S. Marshal, and the lie-detector test be administered by a court appointed professional, in an effort to ascertain a sterile disposition, where the absolute truth will result. I will soon present a "Deposition Upon Written Questions" to the court for pre-trial discovery. Please have a stenographer present and administer questions under oath for the trial.

Walter Redmond          1-25-08
Sign                    Date

(Extremely Urgent)
1-25-08

Deposition Upon Written Questions
& Lie detector questions also

#1. Was plaintiff choked unconcious out-cold in an effort to retrieve drugs you thought he swallowed?

#2. Did you put this information in your police report?

#3. Were witness around to witness your actions July 15, 2007 at 10:30AM Sunday morning?

#4. Did you think plaintiff would go to hospital before he was formaly/officialy arrested?

#5. Did you know his neck was hurt from being choked unconcious by the 6'3 inch caucasion officer.

#6. Did you know he is a resident of Walnut Creek, California, and a former Sunvalley Mall @ Concord Security officer, also at Broadway Plaza Mall in Walnut Creek?

#7. Did you know he is 51 years old, extremely well traveled, and college background as well?

#8. Did you know plaintiff has studied paralegal courses, and is going to Blackstone Career Institute for law studies?

CON'T ——> OVER.

#9. Do you, or any of the three officers there/present Sunday morning 7-15-07 have complaints with Office of Citizens Complaints currently, or in the past? Also complaints by citizens thru I.A. Dept. against you? (Lie detector questions.)

#10. Have you ever used unessesary "excessive-force" or brutality on an individual in your career?

#11. Could the arrest with plaintiff have been handled better? (Lie detector questions-also).

#12. Did plaintiff resist-arrest at all? (Lie detector question.)

#13. Have you ever falsified a police report in your career as a San Francisco Police Officer? (Lie detector questions).

#14. When the four officers leaped/jumped from the vehicle, was plaintiff choked-out-cold immediately, 30 seconds after leaping from car by 6"4 inch tall officer?
(Lie detector questions for all four officers)

#15. Do you have morals, integrity, and values, wisdom, knowledge, and understanding?

#16. Do you believe in God? The God of the Hebrews "Jehovah", of the King James Bible?

"End of Deposition Upon Written Questions"..

APPOINTMENT OF COUNSEL (28 U.S.C. §1915(e)(1))

"The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). Federal courts do not, however, have the authority "to make coercive appointments of counsel." Mallard v. United States Dist. Ct., 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569, (9th Cir. 1995) (forefeiture proceedings).

"The court may appoint counsel... only under 'exceptional circumstances.'" Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (Bivens action); see also Burns v. County of King, 883 F.2d 819, 824 9th Cir. 1989)(per curiam)(§ 1983 action); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)(§ 1983 action). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims 'pro se', in light of the complextity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell 935 F.2d at 1017 (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 9th Cir. 1986)(§ 1983 action)); see also $292,888.04 in U.S. Currency, 54 F.3d at 569; Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (§ 1983 claims). Appointment of counsel may be justified when the proceedings will go forward "more efficiently and effectively." Johnson v. California, 207 F.3d 650, 656, (9th Cir. 2000)(per curiam)

**SAN FRANCISCO**

# Med school grad sues, says police injured his shoulder

**By Henry K. Lee**
CHRONICLE STAFF WRITER

A recent graduate of UCSF Medical School has filed a $1 million federal civil rights suit accusing San Francisco police of roughing him up and injuring his shoulder as he was tinkering with a car near an auto repair shop.

The confrontation forced Edward Yamoah, who is now a resident intern at a Houston-area hospital, to undergo surgery on a torn rotator cuff, said the suit filed in U.S. District Court in San Francisco.

"This is a wonderful man who is doing everything possible to be a good citizen, and yet he gets treated in the most outrageous manner possible," Yamoah's attorney, John Burris of Oakland, said Tuesday. "He was dehumanized, and his career as a surgeon was really threatened."

A city attorney's spokesman was unavailable for comment Tuesday night. The city has not yet responded in court to the suit, which names Police Chief Heather Fong and officers Kevin Healy, 36, Jason Kristal, 28, Robert Doss, 49, and Jon Kasper, 34.

Yamoah, 33, said he had a flashlight and was putting oil into the engine of a used Acura on the night of Dec. 28, 2006, near Emerald Auto near 12th Avenue and Judah Street in the city's Inner Sunset district.

The car had been towed to the shop after hours with the owner's permission, and Yamoah had hoped to use the car for spare parts to repair a second vehicle, the suit said.

As Yamoah was working on the Acura, Healy and Kasper got out of a police car and told him to "shut up" after he greeted them, the suit said. It wasn't clear why the officers chose to approach Yamoah.

Yamoah told the officers that the Acura was his car and that he lived nearby, but Kasper pushed him against the vehicle and "applied a painful amount of pressure" to his elbow, the suit said. The pushing was allegedly so severe it caused an ink-stamp in Yamoah's shirt to break.

Yamoah yelled that the officer was hurting him but got no response, the suit said. Without provocation, Kasper kicked Yamoah in the right leg and told him that he was "just doing my job" when Yamoah asked why he was kicked, the suit said.

Kristal arrived on scene and punched Yamoah in the chest with a closed fist, the suit said. Yamoah asked why he did this, and Kristal replied, "because I want to," the suit said.

Police walked Yamoah to a nearby home that he was moving out of and let him go when a roommate told them that he recognized Yamoah, the suit said.

Doss falsely stated in his police report that Yamoah was "litigious, threatening and hysterical," the suit said.

Doss wrote that Yamoah "wanted to speak with his attorney because he wanted to get paid for this incident," the suit said. Yamoah denied making such a statement.

Yamoah was not charged with a crime. The suit alleged assault, battery, false imprisonment, intentional infliction of emotional distress and negligence.

The suit also alleges that the officers were motivated by "racial prejudice" because Yamoah is African American.

E-mail Henry K. Lee at hlee@sfchronicle.com.