IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAY REDMOND,<br><br>        Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO POLICE DEPT., et al.,<br><br>        Defendants. | No. C 07-04276 CW (PR)<br><br>ORDER OF SERVICE AND TERMINATING PENDING MOTIONS<br><br>(Docket nos. 14, 16, 21, 22, 25, 26, 29, 31, 33, 34, 35, 36) |

INTRODUCTION

Plaintiff Walter Ray Redmond has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis. Venue is proper in this district as the acts complained of occurred in San Francisco County. 28 U.S.C. § 1391(b).

BACKGROUND

According to the allegations in the complaint, Plaintiff was subjected to improper force during the course of his arrest. Plaintiff alleges that on July 15, 2007, he was "consulting with an acquaintance" in downtown San Francisco when a "narco car" carrying four San Francisco narcotics officers pulled up next to him. (Compl. at 3.) The officers rushed out of the vehicle towards Plaintiff. Three of the officers detained him while a fourth officer administered a "full nelson sleeper-hold" from behind, rendering Plaintiff unconscious. (Id.) Plaintiff suggests that the officers were attempting to recover drugs that they believed he had swallowed. Plaintiff claims that he had not swallowed any drugs and that no drugs were found. Plaintiff

contends that the officers grew "frantic" because no drugs were found. (Id.) He claims that they tried to coerce him into admitting he had swallowed drugs. He also claims the officers did not read him his Miranda rights. Plaintiff contends that excessive force was used by the officers pursuant to a San Francisco Police Department policy or practice of utilizing excessive force against people of color. (Pl.'s Mot. to Req. All Compl. on Defs. at 3.)

Plaintiff alleges that he suffered from back and neck pain after the encounter. He claims that he made an informal complaint to a physician at San Francisco General Hospital and a formal complaint to the City and County of San Francisco. He seeks declaratory judgment, injunctive relief and monetary damages.

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

2

violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Excessive Force During Arrest

According to the allegations in the complaint, four narcotics officers from the San Francisco Police Department used excessive force against Plaintiff when they arrested him on July 15, 2007.

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted).

Plaintiff claims that three officers held him while a fourth officer choked him unconscious. Liberally construed, Plaintiff's complaint states a cognizable Fourth Amendment claim.

## III. Defendants

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives

3

another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" violation of his protected rights. Id. at 634.

   A.  Named Defendants

   The only person Plaintiff identifies by name is "Officer Fong." Plaintiff states:

> I also just learned that the asian officer Fong in the newspaper clipping where the "Med Student" got beat, and jumped by the police, well that "Fong" guy is one of the same officers who was present on 7-15-07 at 10:45 AM Sunday, at my arrest, that helped "strangle" me out cold!

(Pl.'s Mot. to Req. All Compl. on Defs. at 2.) Plaintiff implies "Officer Fong" is an Asian male. However, Plaintiff also refers to an article attached to his motion, which mentions Chief of Police Heather Fong. (Id. at 3.) It is not clear whether the "Officer Fong" Plaintiff identifies is Chief of Police Heather Fong or the Asian male officer who was present at the physical encounter.

   If Plaintiff intends to sue Chief of Police Heather Fong, he must allege that she, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to

4

act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not made such a claim.

Because it is not clear which officer Plaintiff identifies, his claim against "Officer Fong" is DISMISSED WITH LEAVE TO AMEND.

B.  Municipal Liability Defendants

Plaintiff alleges that the use of force was sanctioned by the policies and practices of the San Francisco Police Department as well as the City and County of San Francisco. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff contends that the use of excessive force against people of color by the San Francisco Police Department is part of its "traditional conduct" and is "standard proceedure [sic]." (Pl.'s Mot. to Req. All Compl. on Defs. at 3.) Liberally

5

construed, Plaintiff's allegations are sufficient to state a cognizable municipal liability claim against the San Francisco Police Department and the City and County of San Francisco. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (holding that it is improper to dismiss on the pleadings alone a § 1983 complaint alleging municipal liability even if claim is based on nothing more than bare allegation that individual employee's conduct conformed to official policy, conduct or practice); accord Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (allegations of municipal liability do not require heightened pleading standard).

    C.  Doe Defendants

Plaintiff names the "officers from Tenderloin Station" as Defendants. He contends that there were four narcotics officers involved in the encounter: one Asian male, one Asian female and two Caucasian males. These four officers are Doe Defendants whose names he apparently intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff's claims against Doe Defendants are DISMISSED. Should Plaintiff learn the identities of the San Francisco police officers who used excessive force against him, he

may move to file an amended complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

IV.  Default Judgment

Plaintiff has filed a document entitled "Motion for Default Judgment" (docket no. 31).

Under Rule 55 of the Federal Rules of Civil Procedure, judgment by default may be entered "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  Fed. R. Civ. P. 55(a).  In the present case, Defendants have not failed to defend this action, and the facts alleged by Plaintiff do not entitle him to an entry of default against them.  The complaint has not been served on Defendants.

Accordingly, Plaintiff's request for default judgment (docket no. 31) is DENIED.

CONCLUSION

1.  Plaintiff's complaint states a cognizable excessive force claim, and a cognizable municipal liability claim against the San Francisco Police Department and the City and County of San Francisco.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), a copy of the supplemental complaint (docket no. 13) and a copy of this Order upon: the San Francisco Police Department and the City and County of San Francisco.  The Clerk of the Court shall also mail copies of the

complaint, supplemental complaint and this Order to the San Francisco City Attorney's Office. Additionally, the Clerk shall serve a copy of this Order upon Plaintiff.

3.  Plaintiff's claims against "Officer Fong" are DISMISSED WITH LEAVE TO AMEND. Within <u>thirty (30) days</u> of the date of this Order Plaintiff shall file an amendment to the complaint, identifying the Officer Fong he wishes to sue and stating his claim against that officer. Plaintiff must use the attached civil rights form, write the case number for this action on the form, clearly label the complaint "Amendment to the Complaint," and complete all sections of the form. Plaintiff's failure to file an amendment to the complaint will result in the dismissal without prejudice of Plaintiff's claim against "Officer Fong."

4.  Plaintiff's claims against Doe Defendants are DISMISSED. Should Plaintiff learn the identities of the San Francisco police officers who used excessive force against him, he may move for leave to amend to add them as named defendants. See <u>Brass</u>, 328 F.3d at 1195-98.

5.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule

8

12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    6.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.   No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice

9

should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other

10

witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.   If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

        d.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   7.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.  Plaintiff's discovery motions are DENIED as premature:  "Motion to Set Pre-trial Discovery" (docket no. 25); Motion for "Deposition upon Written Request" (docket no. 35); and "Motion Requesting Complaints at Internal Affairs" (docket no. 36).

   8.   All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

   9.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

   10.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

11

11.  Plaintiff has filed another motion for appointment of counsel.  His previous requests have been denied.  The Court is unable to assess Plaintiff's likelihood of success on the merits at this time.  Accordingly, his present motion for appointment of counsel (docket no. 21) is DENIED.  This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings, that is, after Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff pro bono.

12.  Plaintiff's "Motion for Default Judgment" (docket no. 31) is DENIED.

13.  Plaintiff's service motions are GRANTED to the extent that the San Francisco Police Department and the City and County of San Francisco will be served and ordered to reply.  These include Plaintiff's "Motion for Official Service of Process" (docket no. 14), "Motion for Court to Order Defendants to Reply" (docket no. 16), "Motion for Official Service of Process" (docket no. 22), and "Motion for Court to Order Defendants to Reply" (docket no. 29).

14.  Because the complaint has not been served, the following motions are DENIED as premature:  "Motion to Set a Trial Date" (docket no. 26) and "Motion for Summary Judgment" (docket no. 33).

15.  Plaintiff's "Motion to Request Defendants Take Lie

12

1  Detector Test" (docket no. 34) is DENIED.
2       16.  This Order terminates Docket nos. 14, 16, 21, 22, 25,
3  26, 29, 31, 33, 34, 35 and 36.
4       IT IS SO ORDERED.
5  DATED:  7/17/08
                                    _____
6                                   CLAUDIA WILKEN
                                    United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WALTER RAY REDMOND,

    Plaintiff,

v.

SAN FRANCISCO POLICE DEPT et al,

    Defendant.

Case Number: CV07-04276 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walter Ray Redmond      w/civil right form
1250 Pierce St., #1
San Francisco, CA 94115

Dated: July 17, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.07\Redmond4276.service.wpd  14