DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
CELIA W. LEE, State Bar #172981
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3858
Facsimile:    (415) 554-3837

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO
also erroneously sued herein as "San Francisco
Police Department" and "City of San Francisco"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER RAY REDMOND,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SAN FRANCISCO POLICE DEPARTMENT, OFFICERS FROM TENDERLOIN STATION, ON NARCO SQUAD-DAY SHIFT, CITY OF SAN FRANCISCO, CITY AND COUNTY OF SAN FRANCISCO, CA,<br><br>　　　　　Defendants. | Case No. C07-4276 CW (PR)<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT AND SUPPLEMENTAL COMPLAINT; DEMAND FOR JURY TRIAL** |

# INTRODUCTION

Defendant City and County of San Francisco ("defendant" or "CCSF" or "San Francisco"), hereby responds to the Complaint and Supplemental Complaint (docket numbers 1 and 13) filed by Plaintiff Walter Ray Redmond. As a preliminary matter, defendant notes that named defendants "San Francisco Police Department" and "City of San Francisco" are erroneously named in this suit. The San Francisco Police Department is a department of defendant CCSF and may not be independently sued. In addition, the proper name of defendant public entity is "City and County of San Francisco." This Answer should be construed as being filed on behalf of both of those erroneously named defendants.

Defendant sets forth its answers to the allegations in the two separate pleadings (Complaint and the Supplemental Complaint) in turn, as follows:

## RESPONSE TO COMPLAINT (DOCKET NUMBER 1)

### I. EXHAUSTION OF ADMINISTRATIVE REMEDIES

With respect to the allegations contained in paragraph I regarding exhaustion of administrative remedies: to the extent that a response is required, defendant admits that plaintiff filed a governmental claim against defendant on or about August 13, 2007. Defendant further admits that plaintiff was arrested on July 15, 2007 by San Francisco police officers. Defendant denies that plaintiff was choked unconscious. As to the remainder of the allegations in paragraph I, defendant responds that at this time it lacks sufficient information to enable it to either admit or deny the allegations, and on that basis denies the allegations.

### II. PARTIES

With respect to the allegations regarding plaintiff's present address, defendant responds that at this time it lacks sufficient information to enable it to either admit or deny the allegations, and on that basis denies the allegations. With regard to plaintiff's allegations pertaining to individual officers, defendant admits only that four San Francisco police officers were involved in plaintiff's arrest on July 15, 2007; that such officers were defendant's employees; and that one officer was female; and two officers were of Asian descent. Defendant responds that due to the vague and uncertain nature of plaintiff's identification of "an Asian female, an Asian male, and two white males, on [sic] short, and

1  one about 6"2 very tall," San Francisco lacks sufficient information to enable it to either admit or
2  deny the allegations, and on that basis denies the allegations.  Defendant denies the remainder of the
3  allegations regarding the parties in paragraph II.

### III. STATEMENT OF CLAIM

5  With respect to plaintiff's statement of claim in paragraph III, defendant admits only that four
6  San Francisco police officers detained plaintiff on the 200 Block of Turk Street in San Francisco on
7  July 15, 2007 to investigate suspected illegal activity, and arrested him subsequent to such detention
8  and the officers' investigation.  With regard to plaintiff's allegations as to his purpose or intent for
9  being in the location, his state of mind, and/or physical sensations or feelings of pain, defendant lacks
10 sufficient information to enable it to either admit or deny the allegations, and on that basis denies the
11 allegations.  Defendant denies the remainder of allegations in paragraph III, particularly allegations
12 regarding any unlawful use of force.

### IV. RELIEF

14 With respect to plaintiff's allegations pertaining to relief in paragraph IV, defendant denies all
15 allegations that plaintiff was "brutalized" or subjected to a "brutal arrest," or that the officers engaged
16 in any "unjustified activity."  San Francisco denies that that plaintiff has been damaged in any sum, or
17 at all, as a consequence of any action by San Francisco, and further denies that plaintiff is entitled to
18 any relief.  With respect to plaintiff's allegations as to his physical sensations or feelings of pain,
19 defendant lacks sufficient information to enable it to either admit or deny the allegations, and on that
20 basis denies the allegations.

### RESPONSE TO SUPPLEMENTAL COMPLAINT (DOCKET NUMBER 13)

#### Jurisdiction & Venue

23 In response to plaintiff's unnumbered paragraph entitled "Jurisdiction & Venue," defendant
24 admits this court has jurisdiction over this lawsuit, but denies any unlawful act was committed in this
25 jurisdiction, except by plaintiff.

#### Legal Claims

27 In response to plaintiff's unnumbered paragraph entitled "Legal Claims," defendant responds
28 as follows:

1   With respect to plaintiff's re-allegations and incorporations of previous paragraphs I and II in
2   the first paragraph of this section, defendant San Francisco repeats and re-alleges its responses,
3   admissions, and denials to those paragraphs as if fully set forth herein.

4   With respect to plaintiff's allegations in the paragraph commencing with the phrase "the
5   excessive force/full-nelson "choke hold" in the second paragraph in this section, defendant denies all
6   allegations therein.

7   With respect to the third paragraph of this section, defendant denies all allegations therein.

<u>Prayer for Relief</u>

In response to all allegations contained in the "Prayer for Relief" section on pages 2-4 of the
Supplemental Complaint, San Francisco denies that that plaintiff has been damaged in any sum, or at
all, as a consequence of any action by San Francisco, and further denies that plaintiff is entitled to any
relief.  Page 3 of plaintiff's Supplemental Complaint sets forth myriad accusations, conclusions,
mischaracterizations, and opinions that are irrelevant to the merit of plaintiff's claims, and to which
San Francisco's position is that no response is required.  To the extent any response is required to the
various allegations in page 3 of plaintiff's Supplemental Complaint, defendant specifically denies all
allegations therein, except to allegations pertaining to plaintiff's personal background and travels; as
to those allegations pertaining to plaintiff's personal background and travels, defendant lacks
sufficient information to enable it to either admit or deny the allegations, and on that basis denies
those allegations.

Defendant sets forth its collective affirmative defenses to both the Complaint and
Supplemental Complaint, as follows:

**AFFIRMATIVE DEFENSES**

**Separate Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendants.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk - Peril)

Defendant alleges that plaintiff/decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the complaint herein; that plaintiff/decedent, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by plaintiffs was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that the complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq*. and related statutes.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any from defendants.

**SIXTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

Defendant states that any act or omission on the part of the answering defendants, its agents or employees, was not the proximate cause of plaintiffs' injury.

**SEVENTH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendant denies that plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

**NINTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendant claims the immunities under the applicable provisions of the Government Code, including without limitation sections 820.8, 830-835.4.

**TENTH AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act and Failure to file Claim)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the complaint is barred by the following provisions of the California Tort Claims Act: Government Code Sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Variance Between Tort Claim and Complaint)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in plaintiffs' written government tort claim, if any, and that to the extent that the complaint attempts to enlarge or expand upon those allegations and theories, the complaint fails to state a cause of action and is barred pursuant to Government Code §§905, 910, 911.2, 945.5, 950.2 and related provisions.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendant alleges that the employees, officials and agents of defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiffs may have is barred by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

By reason of plaintiffs' own acts and omissions, including the acts and omissions of plaintiffs are estopped from seeking any recovery from defendants by reason of the allegations set forth in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the defendants to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Res Judicata)

To the extent plaintiff's failure to file a claim bars this action, the Complaint and each cause of action therein is barred by the doctrine of *res judicata* and collateral estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Proper Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the First Amended Complaint, defendant acted without malice and with a good faith belief in the propriety of its conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Acting in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Immunity: Exemplary Damages)

Defendants allege that San Francisco, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Plaintiff's Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in plaintiff's Complaint herein, plaintiff/decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendants allege that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Privilege)

Defendant alleges that if in fact any force was used by Defendant against the plaintiff/decedent herein said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the plaintiff/decedent by and the employees of the City, if any, was privileged and justified.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that plaintiff/decedent was negligent in and about the matters and activities alleged in the Complaint; that plaintiff/decedent's negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against San Francisco by virtue of the Complaint, San Francisco prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff/decedent.

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

(Arrest)

Defendant alleges that if in fact any force was used to effect the arrest of the plaintiff/decedent herein by the named defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the California Penal Code and as a proximate result thereof plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Resisting Arrest)

Defendant alleges that plaintiff/decedent herein was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that plaintiff breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Plaintiff/Decedent Assaulted Police)

Defendant alleges that at all times mentioned in plaintiff's Complaint herein, plaintiff/decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by decedent were proximately caused by the necessary use of said reasonable force on the person of decedent and not otherwise; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, plaintiff's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's claim, if any, is barred by law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Prevent Injury/Escape)

Defendant alleges that no more force was used on plaintiff/decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Immunity for Failure to Provide Medical Care to a Prisoner)

Defendant alleges that, under Government Code section 845.6, San Francisco is immune from liability for any inadequate medical care plaintiff may have received while in custody.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to Government Code section 845.8, San Francisco is immune from liability as a matter of law for injury caused to plaintiffs by a person resisting arrest.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to State Relief Under 42 U.S.C. 1983)

Defendant alleges that the plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against San Francisco, its agents, employees and particularly its police officers.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(City and County of San Francisco Not a Proper Party)

Defendant alleges that plaintiff has failed to allege sufficient, specific facts against San Francisco, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendant alleges that plaintiff/decedent had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the complaint herein; that

plaintiff/decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said complaint, and that the loss or damage, if any, sustained by plaintiff/decedent was caused by said risks, which were accepted and voluntarily assumed by he when she engaged in said activity.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Self Defense)

Defendant alleges by way of a plea of self defense that defendant employee honestly and reasonably believed that plaintiff/decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiff.

WHEREFORE, defendants CITY AND COUNTY OF SAN FRANCISCO, pray for judgment against plaintiff as follows:

1. That plaintiff take nothing by his Complaint;
2. That judgment be entered in favor of defendant;
3. That defendant CITY AND COUNTY OF SAN FRANCISCO, be dismissed from this action;
4. That defendant CITY AND COUNTY OF SAN FRANCISCO, be awarded its costs of suit, including reasonable attorney's fees; and
5. For such other and further relief as this Court may deem just and proper.

///
///
///

**DEMAND FOR JURY TRIAL**

Defendant City and County of San Francisco demands a trial by jury in this action.

Dated: September 15, 2008

                        DENNIS J. HERRERA
                        City Attorney
                        JOANNE HOEPER
                        Chief Trial Deputy
                        CELIA W. LEE
                        Deputy City Attorney

                          -/s/-   Celia W. Lee
                  By:_____
                        CELIA W. LEE
                        Attorneys for Defendants
                        CITY AND COUNTY OF SAN FRANCISCO

**REDMOND V. CCSF – US DISTRICT COURT NO. C07-4276 CW (PR)**

**PROOF OF SERVICE**

I, HELEN LAU, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On September 15, 2008, I served the attached:

**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S
ANSWER TO COMPLAINT AND SUPPLEMENTAL COMPLAINT;
DEMAND FOR JURY TRIAL**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Walter Ray Redmond
1250 Pierce St., #1
San Francisco, CA 94115
*Plaintiff in Pro Per*

and served the named document in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will be filed separately with the court**.

☐ **BY ELECTRONIC MAIL**: I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: helen.s.lau@sfgov.org.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed September 15, 2008, at San Francisco, California.

-/s/-     Helen Lau
_____
HELEN LAU