IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WALTER RAY REDMOND,                No. C 07-04276 CW (PR)

                                   ORDER GRANTING DEFENDANTS' RENEWED
                                   MOTION TO DISMISS FOR FAILURE TO
          Plaintiff,               PROSECUTE AND TERMINATING ALL
                                   PLAINTIFF'S PENDING MOTIONS AS MOOT

    v.

SAN FRANCISCO POLICE DEPT.,
et al.,

          Defendants.

_____/

INTRODUCTION

On August 20, 2007, Plaintiff Walter Ray Redmond filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force arising from a July 15, 2007 interaction with four narcotics officers from the San Francisco Police Department.

Before the Court is Defendants' renewed motion to dismiss for failure to prosecute based on Plaintiff's repeated refusal to attend and complete his deposition.  Plaintiff opposed the motion in a series of letters to the Court, and Defendants filed their reply.

Having considered the papers filed by the parties, the Court hereby GRANTS Defendants' renewed motion to dismiss for failure to prosecute and TERMINATES all Plaintiff's pending motions as moot.

BACKGROUND

Plaintiff failed to appear at his deposition duly noticed for June 17, 2009.  (Lee Decl. ¶ 5.)  Plaintiff appeared in response to a second deposition notice for August 7, 2009, but at several

points refused to answer questions.   (Redmond Dep. at 17:20-21, 28:15-19.)   Forty-seven minutes after it began, Plaintiff terminated his deposition, despite being warned by opposing counsel that by refusing to complete his deposition he was risking dismissal for failing to prosecute the case.  (Redmond Dep. at 43:4-45:7; Margolis Decl. ¶ 2.)

On August 10, 2009, Defendants filed their first motion to dismiss for failure to prosecute under Rules 37(d)(1)-(3) and 41(b) of the Federal Rules of Civil Procedure.  In an Order dated September 29, 2009, the Court denied Defendants' motion to dismiss and directed the parties to schedule another deposition session for Plaintiff. (Sept. 29, 2009 Order at 5.)  The Court explicitly ordered Plaintiff to attend Defendants' properly noticed deposition even if he was not represented by counsel.  (Id.)

Thereafter, Plaintiff failed to appear on April 21, 2010 in response to the third deposition notice.  (Margolis Decl. ¶ 6.)

Finally, Plaintiff appeared on May 4, 2010 in response to the fourth deposition notice, after demanding that his bus fare from Las Vegas be at Defendants' expense.  (Id. ¶ 8.)  Plaintiff had previously reassured Defendants' counsel that he "won't walk out this time." (Id., Ex. F.)  Plaintiff brought his brother, a non-lawyer, who prompted him with some answers and disrupted the deposition by taking Plaintiff out of the room.  (Id. ¶ 8.)  Plaintiff also refused to answer certain questions unless he was represented by counsel.  (Redmond Dep. at 72:1-2, 118:2-11.)  Defendants' counsel warned Plaintiff that "the absence of counsel does not excuse [him] from the obligation to prosecute this lawsuit

United States District Court
For the Northern District of California

and to answer questions at a deposition." (<u>Id.</u> at 66:4-17.)
Defendants' counsel further stated that if Plaintiff continued to
refuse to answer questions, then he would seek "dismissal of this
action for failure to abide by the court's order." (<u>Id.</u> at 66:17-
20.)  Plaintiff again prematurely terminated his deposition after
seventy-six minutes.  (<u>Id.</u> at 118:2-120:6; Margolis Decl. ¶ 9.)

    On May 6, 2010, Defendants filed their renewed motion to
dismiss for failure to prosecute under Rule 41(b), or in the
alternative, under Rule 37(b) and (d)(1)-(3).  Defendants claim
that Plaintiff "has repeatedly failed to submit to his duly noticed
deposition, despite repeated orders by this Court requiring his
attendance." (Mot. to Dismiss at 1.)  They contend that this
failure has deprived them of the opportunity to question Plaintiff
on relevant subjects, including details of the officers' actions;
what was said during the incident; evidence of municipal liability;
the extent and effects of Plaintiff's injuries; and Plaintiff's
employment, criminal and medical history.

    In a letter to the Court dated May 13, 2010, Plaintiff opposes
Defendants' motion, stating, "I told my story twice and it was not
recorded at all!" (Pl.'s May 13, 2010 Letter at 3.)  He claims
that the excerpts Defendants attached to their renewed motion to
dismiss do not accurately reflect the deposition as a whole, since
much of his relevant testimony was omitted.  (Pl.'s May 15, 2010
Letter at 3.)

    In an Order dated June 14, 2010, the Court directed Defendants
to provide it with complete copies of the transcripts of
Plaintiff's August 7, 2009 and May 4, 2010 depositions.  (June 14,

3

2010 Order at 2.)  The transcripts reveal that Plaintiff became frustrated and terminated both of the deposition sessions that he did attend, without giving Defendants an opportunity to obtain a detailed description of the incident.  It is clear that Plaintiff did not terminate his deposition for good reason.

DISCUSSION

A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).  "[F]ailure to prosecute diligently is sufficient by itself to justify a dismissal." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). "But only unreasonable delay will support a dismissal for lack of prosecution."  Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1280 (9th Cir. 1980) (emphasis added).

A court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

A dismissal for failure to prosecute is generally with prejudice and operates as an adjudication on the merits for purposes of preclusion.  See Fed. R. Civ. P. 41(b); In re Schimmels, 127 F.3d 875, 884 (9th Cir. 1997); Johnson v. U.S. Dep't of the Treasury, 939 F.2d 820, 825 (9th Cir. 1991).  Dismissal with

4

prejudice of a complaint under Rule 41(b) is a harsh remedy, and the district court should first consider less drastic alternatives. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  When determining whether the sanction of dismissal is appropriate, the "reasonable exploration of possible and meaningful alternatives is all that is required."  Anderson, 542 F.2d at 525; see also Von Poppenheim v. Portland Boxing and Wrestling Commission, 442 F.2d 1047, 1054 (9th Cir. 1971).  Further, because the harshness of a dismissal with prejudice is directly proportionate to the likelihood that a plaintiff would prevail if permitted to go forward to trial, the district court should consider the strength of a plaintiff's case if such information is available before determining whether dismissal with prejudice is appropriate.  See McHenry, 84 F.3d at 1178-79.

A plaintiff must prosecute his case with "reasonable diligence" to avoid dismissal.  Anderson, 542 F.2d at 524.  Here, Plaintiff hindered the progress of his case towards a decision on the merits by twice failing to respond to deposition notices. Although he appeared in response to two other deposition notices, he refused to answer certain questions by Defendants' counsel, and he terminated both sessions prematurely.  Plaintiff explains that he did not want to answer certain questions without counsel; however, the Court had explicitly ordered him to answer questions even if he did not have counsel.  Plaintiff also asserts that he was "traumatized" by the officers' alleged excessive force and, when questioned at the deposition about the incident, stated, "It's getting me emotional.  It's making me upset."  (Pl.'s May 15, 2010 Letter at 2; Redmond Dep. at 119:15-16.)  Plaintiff expresses

frustration that "the city attys [sic] are masters of linguistics and are allowed to manipulate" him at his deposition. (Pl.'s May 13, 2010 Letter at 2.)

These justifications do not exempt Plaintiff from his obligation to sit for a complete deposition. Defendants are entitled to discover Plaintiff's version of the events in order properly to evaluate the case, the possibility of a dispositive motion and/or settlement, and their trial strategy. An examination of the deposition transcripts shows that, contrary to Plaintiff's claim, he did not tell his story twice. In fact, Plaintiff terminated both sessions before he answered specific questions relating to the July 15, 2007 incident. By repeatedly thwarting Defendants' legitimate attempts at discovery, Plaintiff has caused an unreasonable delay in adjudication of his claims that supports dismissal for failure to prosecute. See Nealey, 662 F.2d at 1280.

Application of the above five factors to this case favors dismissal. See Malone, 833 F.2d at 128, 130.

Public interest in the expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of dismissal. Plaintiff's complaint was filed August 20, 2007 but has not progressed past discovery, mainly due to Plaintiff's failure to sit for his deposition. The Court is attentive to the particular needs of pro se plaintiffs, but need not endlessly accommodate a litigant who refuses to obey its orders. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (court's interest in docket control weighed in favor of dismissal of action where plaintiff failed to comply with court's order to file an amended complaint).

Discovery, in particular, was designed to be managed by the parties.

The risk of prejudice to Defendants is high, in that the events alleged in this action occurred on July 15, 2007, nearly three years ago.  As Defendants point out, the longer the suit is delayed, the more witnesses' memories will fade, and the more difficult it will be to defend the case.  (Mot. to Dismiss at 11.) Defendants have also borne the cost of two noticed depositions where Plaintiff never materialized, and two that were incomplete, and they have incurred more costs by paying for his bus fare in order for him to attend the most recent deposition session. (Margolis Decl. ¶ 12.)

The public policy favoring disposition of cases on their merits is the only factor that weighs against dismissal.  A police excessive force claim is a serious one that calls "into question the manner by which the state exercises its monopoly on the legitimate use of force.  Thus, the public has an interest in having this case decided on the merits." <u>Dahl v. City of Huntington Beach</u>, 84 F.3d 363, 366 (9th Cir. 1996) (public had an interest in having case decided on the merits where two arrestees claimed that in separate incidents and after being restrained, they were beaten by officers and repeatedly bitten by a police dog and suffered injuries including deep dog bites on the thighs, groins, arms, and legs requiring stitches, permanent shoulder damage and severe bruising).  Plaintiff alleges that he was, without cause or warning, choked unconscious by officers using a "full nelson sleeper-hold" and that his neck "continues to hurt to this day." (Compl. at 3-4; Pl.'s May 15, 2010 Letter at 2.)  But, according to

**United States District Court**
For the Northern District of California

Plaintiff, he was only unconscious for a "few minutes" and the officers took him to the hospital to get medical care for his injuries. (Compl. at 2.) In addition, Plaintiff's pain is not continuous, and he acknowledges that his medical records state that he had "no neck pain" and "no urgent medical condition." (Mot. for Review Thoroughly of Medical Records at 1.) Because Plaintiff refused to describe the excessive force incident in detail during his deposition, there is little on the record to indicate that he is likely to succeed on the merits. While Plaintiff claims the officers used excessive force against him, he suggests that the officers believed they were preventing him from swallowing drugs. Plaintiff denies swallowing drugs, and alleges the force was malicious and sadistic. However, it appears that no other witnesses have stepped forward to confirm Plaintiff's story because the acquaintance he was speaking with when the incident occurred has not been located by either party. Furthermore, Plaintiff was on probation for dealing cocaine at the time of the incident, which gives credence to the officers' alleged assumption that Plaintiff was attempting to swallow drugs that could have caused him serious harm. While no drugs were found, a reasonable officer in Defendants' position could have believed that the force used on Plaintiff was justified.

While excessive force is never to be condoned, the force Plaintiff alleges in this case is not so egregious that the need to adjudicate his case on its merits outweighs the other four factors favoring dismissal. See Ferdik, 963 F.2d at 1262-63 (even if ambiguity about prejudice to defendants and "public policy favoring disposition on the merits both weighed against dismissal, they

**United States District Court**
For the Northern District of California

would not outweigh the other three factors that strongly support dismissal here").

The Court attempted to use less drastic sanctions by denying Defendants' first motion to dismiss and ordering Plaintiff to sit for his deposition.  (Sept. 29, 2009 Order at 10.)  After Plaintiff failed to attend his third noticed deposition session and prematurely terminated his fourth, the Court must now consider more drastic sanctions.  Monetary sanctions are inappropriate due to Plaintiff's in forma pauperis status.  Plaintiff proposes the Court appoint counsel for him and then order another deposition.  (Pl.'s May 13, 2010 Letter at 2-3; Pl.'s May 15, 2010 Letter at 2-4.)  The Court has repeatedly informed Plaintiff that until it can assess his claims' likelihood of success on the merits -- which it cannot do if he hampers discovery -- it cannot find exceptional circumstances entitling him to counsel.  (Nov. 14, 2007 Order at 2; Sept. 17, 2008 Order at 12.)

Plaintiff has already had four chances to cooperate in giving his deposition.  Giving him another chance would be unfair to Defendants.  Plaintiff has failed to comply with the Court's previous order to cooperate at his deposition.  After promising not to walk out on the most recent deposition, Plaintiff demanded Defendants pay for his bus fare, was non-responsive to questions posed by Defendants' counsel, allowed his brother to disrupt the deposition, and terminated it without describing the excessive force incident in detail.  It is unlikely that Plaintiff would act differently if given another chance to be deposed.

"There is no warning requirement when dismissal follows a noticed motion under Rule 41(b)."  Morris v. Morgan Stanley & Co.,

United States District Court
For the Northern District of California

942 F.2d 648, 652 (9th Cir. 1991) (citing Nealey, 662 F.2d at 1279-81).   Nevertheless, in addition to the four opportunities Plaintiff was given to sit for a deposition, he was repeatedly warned throughout the litigation of his obligations as a plaintiff.   In the Court's Order of Service, he was told of his responsibility to prosecute the case and comply with the Court's orders.   (July 17, 2008 Order at 11.)   As Plaintiff prepared to leave the August 7, 2009 deposition prematurely, Defendants' counsel reminded him of these obligations and the risk of dismissal, stating: "We will file a motion to dismiss for your failure to prosecute the case. Because you have a duty, as the plaintiff in this case, to sit for deposition." (Redmond Dep. at 43:15-17.)   Defendants' filing of the first motion to dismiss served as an additional warning to Plaintiff.   The Court gave Plaintiff another chance by denying the motion.   It ordered him to sit for his deposition and answer questions even though he did not have counsel.   (Sept. 29, 2009 Order at 10.)   It also explicitly reiterated that Plaintiff must comply with the Court's order and prosecute his case.   (Id. at 15-16.)   And finally, at the May 4, 2010 deposition, Defendants' counsel warned Plaintiff once more that by refusing to sit for his deposition and answer questions, he risked "dismissal of this action for failure to abide by the Court's order." (Redmond Dep. at 66:19-20.)   Plaintiff was informed by the Court and Defendants' counsel of his obligations as a litigant, but chose to ignore them.

The Court is well aware of its need to be particularly sensitive to the challenges faced by pro se litigants unfamiliar with the judicial process.   See Balistreri v. Pacifica Police Dept., 901 F.3d 696, 699 (9th Cir. 1990).   However, the delay in

10

this case is not due to Plaintiff's inexperience with complex procedures.  Plaintiff ignored clear deposition notices and violated explicit instructions and orders by the Court.  He has exceeded the latitude of the Court's patience by repeatedly and willfully hindering efficient adjudication of his claims.

Accordingly, the Court GRANTS Defendants' renewed motion to dismiss for failure to prosecute.  Because the Court grants Defendants' motion under Rule 41(b), their alternative motion to dismiss under Rule 37 need not be addressed.

CONCLUSION

For the foregoing reasons,

1.   The Court GRANTS Defendants' renewed motion to dismiss for failure to prosecute (docket no. 213).  The complaint is DISMISSED with prejudice.  See Fed. R. Civ. P. 41(b).

2.   The Clerk of the Court shall enter judgment, terminate all Plaintiff's pending motions as moot, and close the file. Defendants may recover their costs from Plaintiff.

IT IS SO ORDERED.

DATED: 6/25/2010

_____
CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WALTER RAY REDMOND,

   Plaintiff,

 v.

SAN FRANCISCO POLICE DEPT et al,

   Defendant.

_____/

Case Number: CV07-04276 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Walter Ray Redmond
1250 Pierce St #1
San Francisco,  CA 94115

Dated: June 25, 2010

       Richard W. Wieking, Clerk
       By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California